# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WARREN RUSTY COLLINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 11-0830-CV-W-DGK-P |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. | |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2008 convictions and sentences for first degree assault and armed criminal action, which were entered in the Circuit Court of Buchanan County, Missouri. Petitioner raises three (3) grounds for relief : (1) his state court trial counsel was ineffective for failing to move to have a special prosecutor appointed because a potential witness in the case was a cousin of the prosecutor; (2) state post-conviction counsel was ineffective for failing to present evidence as referenced in petitioner's amended Rule 24.035 motion at the Rule 24.035 evidentiary hearing; and (3) the Rule 24.035 motion court erred in failing to issue findings of fact and conclusions of law on the five claims petitioner originally raised in his pro se Rule 24.035 motion, not merely on the claims raised by post-conviction counsel that replaced the pro se Rule 24.035 motion. Petitioner also has filed a motion to stay this federal proceeding (Doc. No. 5) and to amend his petition to include claims that have not been exhausted in the state courts prior to a state habeas corpus petition filed in the Circuit Court of Cole County, Missouri, pursuant to Mo. Sup. Ct. R. 91 (Doc. No. 6).

Respondent argues that petitioner's Ground 1 is without merit for the reasons set forth by

the Missouri Court of Appeals, Western District, in Collins v. State, 332 S. W. 3d 926 (Mo. Ct. App. 2011), and that Grounds 2 and 3 are not cognizable in federal habeas corpus. Doc. No. 11, p. 2. Respondent also argues that petitioner's motions to stay and to amend should be denied because the additional grounds for relief petitioner seeks to present are procedurally barred in a state habeas corpus action as well as in this Court. Id. Petitioner has failed to file a timely reply as ordered on or before November 14, 2011.

## Ineffective Assistance of Trial Counsel - Ground 1

In Ground 1, petitioner contends that his trial counsel was ineffective for failing to move to have a special prosecutor appointed because a potential witness in the case was a cousin of the county prosecutor. The Rule 24.035 motion court held that the claim had no legal merit based on petitioner's own testimony that he was satisfied with trial counsel, that counsel did everything petitioner asked him to do, and that petitioner entered a guilty plea because of a plea bargain. Respondent's Exhibit 2, pp. 134-137. The Missouri Court of Appeals, Western District, relying on the standards set forth in Strickland v. Washington, 466 U.S. 668, 690 (1984), and Hill v. Lockhart, 474 U.S. 52, 59 (1985), agreed that the claim was without merit because petitioner had testified at both the guilty plea and sentencing hearings that he was satisfied with trial counsel's representation and that he entered his guilty plea in order to receive the plea bargain offered him by the prosecution. The state appellate court added that the assistant prosecutor who actually handled the case was not related to the potential witness and that there was no reasonable likelihood that a special prosecutor would have been appointed under Missouri law. Respondent's Exhibit 5, pp. 4-7.

In order to obtain relief in federal habeas corpus, petitioner "must show 'actual

2

ineffectiveness' as defined in Strickland v. Washington, 466 U.S. at 687, and that he 'pleaded guilty as a direct consequence of his counsel's erroneous advice and. . . but for this advice, the outcome of the plea process would have been different.'" Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992) (citing Garmon v. Lockhart, 938 F.2d 120 (8th Cir.1991)). To show prejudice in such a case, petitioner must establish with "reasonable probability" that he would not have entered a guilty plea and would have insisted on going to trial had counsel been effective. Hill v. Lockhart, 474 U.S. at 58-59. Petitioner's representations at the guilty plea hearing carry a strong degree of verity and pose "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73 (1977).

"[A] determination of a factual issue made by a State court shall be presumed to be correct," and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" Weeks v. Bowersox, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting Blackledge v. Allison, supra at 71), cert. denied, 522 U.S. 1093 (1998)).

Petitioner has failed to proffer clear and convincing evidence that his guilty plea was not voluntary, knowing, and intelligent. See Hunter v. Bowersox, 172 F.3d 1016, 1022 (8th Cir. 1999), cert. denied, 528 U.S. 1140 (2000). At his guilty plea hearing, petitioner admitted in his own words that, after drinking wine, he stopped at the home of Brian Blakely and stabbed the victim (a friend of Blakely's whom petitioner previously never had met) with a knife, causing serious physical injury

to the victim, including five surgeries, a heart attack, and an initial hospitalization that lasted over a month. Respondent's Exhibit 2, pp.18-21. The fact that other charges against petitioner would not be pursued by the state was pointed out by the defense attorney, and petitioner stated that he decided not to go to a jury trial because of the plea agreement. Respondent's Exhibit 2, pp. 16, 21.

The record also clearly establishes that petitioner understood the charges against him and that he understood the advice his attorney gave him, including all of the benefits and disadvantages of going to trial, after discussing the state's evidence. Petitioner repeatedly stated to the guilty plea court that he was satisfied with counsel's services and that there was nothing more he wanted counsel to do that had not been done. Respondent's Exhibit 2, pp. 14-21; 88-90.

Thus, petitioner has failed to establish that, but for his counsel's failure to request a special prosecutor, he would have rejected the plea bargain and proceeded to trial. Petitioner's responses at his guilty plea hearing demonstrate that he understood the alternatives open to him and chose to plead guilty to avoid a jury trial. See North Carolina v. Alfred, 400 U.S. 25, 31 (1970). Petitioner has not demonstrated that counsel was ineffective or coerced him into pleading guilty against his will or better judgment. The state court's rejection of Ground 1 was not unreasonable in light of the facts of this case or in light of clearly established federal law. See 28 U.S.C. § 2254(d)(1) and (2). Ground 1 will be denied.

## Ineffective Assistance of Post-Conviction Counsel and Infirmities in Post-Conviction Proceeding Grounds 2 and 3

In Ground 2, petitioner contends that post-conviction counsel was ineffective for failing to present any evidence or to call any witness (other than petitioner's deposition) at petitioner's Rule 24.035 hearing (Respondent's Exhibit 1) as referenced in petitioner's amended Rule 24.035 motion.

4

In Ground 3, petitioner contends that the Rule 24.035 motion court erred in failing to issue findings of fact and conclusions of law on the five claims petitioner originally raised in his pro se Rule 24.035 motion.

There is no federal constitutional right to a state collateral proceeding as a means of post-conviction review. Murray v. Giarratano, 492 U.S. 1, 10 (1985). Thus, any purported errors in that proceeding fail to raise cognizable grounds for relief under 28 U.S.C. § 2254(a). See Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997); Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990).

Because there is no constitutional right to an attorney in state post-conviction proceedings, see, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555-59 (1987); see Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994), cert. denied, 513 U.S. 983 (1994), petitioner also cannot raise ineffective assistance of post-conviction counsel as claims in this federal habeas corpus case. Coleman v. Thompson, 501 U.S. at 752; see also Williams v. Missouri, 640 F.2d 140, 144 (8th Cir.)("Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."), cert. denied, 451 U.S. 990 (1981). Moreover, ineffective assistance of post-conviction counsel or post-conviction appellate counsel cannot constitute cause for petitioner's state procedural default of any claims. See Clemmons v. Delo, 124 F.3d 944, 947-48 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998). Grounds 2 and 3 are not cognizable in this federal proceeding and will be denied.

**Motion to Stay and Motion to Amend**

Petitioner has filed a motion to amend the petition in this case with unspecified claims that he raised in his state habeas petition (Doc. No. 6) and a motion to stay these proceedings until he

5

"exhausts" those claims in the state courts(Doc. No. 5). The claims petitioner raised in the state habeas petition (Respondent's Exhibit 7) were denied on July 5, 2011, by the Cole County Circuit Court because they were procedurally barred (Respondent's Exhibit 9). As argued by respondent in Doc. No. 11, p. 5, any attempt to raise those claims in this federal proceeding would be futile because they are exhausted through procedural default in the state courts and because ineffective assistance of post-conviction counsel cannot serve as legally sufficient cause for petitioner's state procedural default.

Thus, petitioner cannot meet the "good cause" standard set forth in Rhines v. Weber, 544 U.S. 269 (2005), to justify granting a stay of these federal proceedings in order for petitioner to return to state court to file state habeas petitions regarding his unexhausted or procedurally defaulted claims. Accordingly, petitioner's motion to stay the petition pending exhaustion of state remedies (Doc. No. 5) and motion to amend the petition to present unexhausted claims that he has presented to the Cole County Circuit Court in a state habeas petition (Doc. No. 6) will denied.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) petitioner's motion to stay these proceedings (Doc. No. 5) and motion to amend the petition (Doc. No. 6) are denied;

(2) the petition for writ of habeas corpus is denied;

(3) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

    /s/ Greg Kays
GREG KAYS
United States District Judge

Kansas City, Missouri,

Dated:   December 2, 2011  .